IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES ALISTAR MERCER-SMITH
and JANET MERCER-SMITH,
    Plaintiffs,

vs.   Case No. 09cv340 JEC/RLP

STATE OF NEW MEXICO, ex rel. ,CHILDREN,
YOUTH AND FAMILIES DEPARTMENT;
DEBORAH HARTZ; MARY-DALE BOLSON;
DORIAN DODSON; REBECCA LIGGETT;
ANGELA DOMINGUEZ; ROLAND TRUJILLO;
CARMELLA ALCON; VERONICA VALLEJOS;
LOU ANN HOEPPNER; TERESA VIGIL;
FLORA ARAGON; KIMBERLY CRESPIN
and  BETH REICH, all in their Individual and
Official Capacities,
    Defendants.

## MEMORANDUM OPINION and ORDER

This matter comes before the court on the Motion of Defendant, Rebecca Liggett, in her individual capacity, to Seal the Record and all proceedings herein for an indefinite term (Docket No. 20). Central to Plaintiffs' claims in this case is the investigation of allegations of abuse and neglect of RM-S and JM-S, then minors, which were conveyed to Defendant Children Youth and Families Department ["CYFD" herein], and actions that resulted therefrom. [See Complaint, Docket No.1, ¶¶ 19, 25-29, 33]. RM-S and JM-S, who are no longer minors, are not parties to this action.

Defendant Liggett contends that records or information within the CYFD files are confidential pursuant to §32A-4-33 of the New Mexico Abuse and Neglect Act, which provides:

> A.    All records or information concerning a party to a neglect or abuse proceeding, including social records, diagnostic evaluations, psychiatric or psychological reports, videotapes, transcripts and audio recordings of a child's statement of abuse or medical reports incident to or obtained as a result of a neglect or abuse proceeding or that were produced or obtained during an investigation in

1

anticipation of or incident to a neglect or abuse proceedings shall be confidential and closed to the public.

\* \* \*

D.     Whoever intentionally and unlawfully releases any information or records closed to the public pursuant to the Abuse and Neglect Act [32A-4 NMSA 1978] or releases or makes other unlawful use of records in violation of that act is guilty of a petty misdemeanor and shall be sentenced pursuant to the provisions of section 31-19-1 NMSA 1978.

Plaintiffs contend that the relief sought by Defendant, the sealing of the entire record, is too drastic, and runs counter to the common law right of access to judicial record, and would deprive the public of it right to access to judicial records.

Section 32A-4-33 exempts a child's records from the public's right to inspect public records. State ex rel. Children, Youth and Families Dept. v. George F., 125 N.M. 597, 600 (N.M. App. 1998), and affords "a reasonable degree of confidentiality in abuse and neglect cases," State v. Allen, 128 N.M. 482, 493 fn 1 (1999). Liggett correctly points out that RM-S and JM-S have not consented to the release of the information and records referenced in §32A-4-33. Plaintiffs also correctly point out that to seal the entire court record, some of which will not contain the information protected by §32A-4-33, would be over-reaching.

**IT IS THEREFORE ORDERED** that Defendant Liggett's Motion to Seal Record is Granted in Part and Denied in Part as follows:

1)     Any filing by any Party to this action, which attaches or discusses records or information concerning the neglect or abuse proceeding involving Plaintiffs or their children, including social records, diagnostic evaluations, psychiatric or psychological reports, videotapes, transcripts and audio recordings of a child's statement of abuse or medical reports incident to or obtained as a result of a such proceedings or that were produced or obtained during the investigation in

2

        anticipation of or incident to such proceedings, shall be filed under seal, pursuant to

        F.R.Civ. P. 5.2(d).

2)       All other filings shall not be under seal.

**IT IS SO ORDERED**.

                                                      RICHARD L. PUGLISI
                                                 United States Magistrate Judge