IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JAMES ALISTAR MERCER-SMITH**
**and JANET MERCER-SMITH,**

    Plaintiffs,

vs.                                                                        Civil No. 09-340 JEC/RLP

**STATE OF NEW MEXICO, ex rel., CHILDREN,**
**YOUTH AND FAMILIES DEPARTMENT,**
**DEBORAH HARTZ; MARY-DALE BOLSON;**
**DORIAN DODSON; REBECCA LIGGETT;**
**ANGELA DOMINGUEZ; ROLAND TRUJILLO;**
**CARMELLA ALCON; VERONICA VALLEJOS;**
**LOU ANN HOEPPNER; TERESA VIGIL;**
**FLORA ARAGON; KIMBERLY CRESPIN and**
**BETH REICH, all in their Individual and**
**Official Capacities,**

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING STATE DEFENDANTS' MOTION FOR A STAY OF DISCOVERY
## PENDING A DECISION ON QUALIFIED IMMUNITY.

**THIS MATTER** having come before the Court on the Motion of the State Defendants[1] for a Stay in Discovery Pending a Decision on Qualified Immunity (Docket No. 65), the Court having read the motion, the memorandum in support of and in opposition to said motion, and otherwise being fully advised, finds that the motion is well taken and will be **GRANTED**.

On August 31, 2009, the State defendants filed their "Motion for Qualified Immunity and

---

[1] The State Defendants include three Secretaries of CYFD, case workers and CYFD's prosecuting attorney in an abuse an neglect proceeding involving Plaintiffs. (Docket No. 64, p. 2). Plaintiffs have also sued a non-state actor, psychologist Beth Reich, who has filed a Motions to Dismiss and for Summary Judgment. Briefing on those motions is due to be completed on October 28, 2009. (Docket No. 75). Defendant Reich has also filed a motion for Protective Order and to Stay Discovery Pending the outcome of those dispositive motions. (Docket No. 73). Briefing on that motion is not complete, that this Memorandum Opinion and Order does not address that motion.

To Dismiss." (Docket No. 64). The Motion appears to be brought under both F.R.Civ.P. 12(b)(6) and F.R.Civ.P. 56. Plaintiffs have not yet responded to this motion.

In the instant Motion, the State Defendants seek to stay discovery until the District Court rules on their defense of qualified immunity.

The qualified immunity defense protects governmental officials performing discretionary functions from liability as well as the burdens of trial and discovery. *Jiron v. City of Lakewook*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992). Issues of the qualified immunity defense are to be resolved at the earliest opportunity. *Oliver v. Woods,* 209 F.3d 1179, 1185 (10th Cir. 2000). When a defendant files a motion for qualified immunity, the defendant is entitled to a stay of discovery. *Jiron*, 392 F.3d at 414.

> Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.C. 2806 (1985) . . . "[E]ven such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government." *Mitchell*, 472 U.S. at 526, 105 S.Ct. 2806.

*Id*.

In their response to the instant motion Plaintiffs submit that limited discovery relating to issues implicated by the State Defendants' qualified immunity motion should be permitted at this time. [Docket No. 72]. They contend that they will rely extensively on matters beyond the pleadings and will ask the District Court to consider those materials. They contend that they need to obtain written discovery and deposition testimony of the individual State defendants to do so.

In their Response to the State Defendants' Motion for qualified immunity, Plaintiffs may alert the District Court to their contention that certain discovery is necessary. Plaintiffs may request Rule 56(f) discovery in response to a defense of qualified immunity raised on summary judgment by supplying the Court with an affidavit demonstrating how the requested discovery would relate

2

to the qualified immunity issue. *Lewis v. City of Fort Collins*, 903 F.2d 752, 758 (10th Cir. 1990). If the District Court agrees with Plaintiffs, the pending dispositive Motion will be denied or taken under advisement pending completion of that discovery. At present, however, there is no basis for denying the State Defendants' Motion to Stay discovery pending ruling on qualified immunity.

**IT IS THEREFORE ORDERED** that the State Defendants' Motion for a Stay of Discovery Based on the Defense of Qualified Immunity is **GRANTED**. This stay applies only to State Defendants, and does not stay the litigation with regard to any other party.

**IT IS SO ORDERED**.

_____
Richard L. Puglisi
United States Magistrate Judge