## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JAMES ALISTAR MERCER-SMITH**
**and JANET MERCER-SMITH,**

**DRAFT**

    **Plaintiffs,**

**vs.**

           **Civil No. 09-340 JEC/RLP**

**STATE OF NEW MEXICO, ex rel., CHILDREN,**
**YOUTH AND FAMILIES DEPARTMENT;**
**DEBORAH HARTZ; MARY-DALE BOLSON;**
**DORIAN DODSON;  REBECCA LIGGETT;**
**ANGELA DOMINGUEZ; ROLAND TRUJILLLO;**
**CARAMELLA ALCON;  VERONICA VALLEJOS;**
**LOU ANN HOEPPNER; TERESA VIGIL;**
**FLORA ARAGON; KIMBERLY CRESPIN and**
**BETH REICH, all in their Individual and Official Capacities,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

This matter comes before the court on the Motion of Defendant Beth Reich ["Dr. Reich" herein] for Protective Order and to Stay Discovery Pending the Outcome of Her Motion for Summary Judgment and Motion to Dismiss. (Docket No. 73).

**I.**    **Background**.

Plaintiffs filed this action on March 7, 2009, seeking damages for alleged violation of their civil rights under 42 U.S.C. §1983 (Count I), state law claims arising under the New Mexico Tort Claims Act (Count IV) and tort claims arising under New Mexico common law, to wit,  intentional infliction of emotional distress, invasion of privacy, defamation, professional negligence, medical malpractice and malicious abuse of process (Count V).   In addition, Plaintiffs alleged that Defendants' actions constituted a continuing violation of their constitutional and civil rights. (Count

III).[1]

Plaintiffs' complaint alleges that all individual defendants were public employees acting within the scope of their duties and under color of state law[2] (Docket No. 1, ¶¶6-16), and that Dr. Reich was also engaged in the private practice of psychiatry.  (Docket No. 1 ¶16).  Plaintiffs are suing Dr. Reich in her individual and official capacities.  Id.

Plaintiffs' claims against all defendants arise from an abuse and neglect investigation and subsequent proceedings which they contend amounted to "a concentrated, calculated and intentional plan to thwart the [Children's] Court's orders and deny the Mercer-Smiths their constitutionally required process, to destroy the integrity of their family unit, and to remove [their] children from the family such that they would never again speak to or associate with their parents." (Docket No. 1,  ¶36; Docket No. 55, pp. 1-2). Plaintiffs allege that Dr. Reich was an active participant in the effort, by instigating and perpetuating false allegations of sexual abuse, and by participating in efforts to disobey the Children's Court's orders. (Docket No.1, ¶42; Docket No. 55, pp. 4-6).

On August 10, 2009, Dr. Reich filed a Motion for Summary Judgment directed at Count I of the Complaint.  (Docket No. 59).  The Motion raises three arguments for dismissal of Plaintiffs' §1983 claims with prejudice: First, that Dr.  Reich is entitled to absolute immunity based on her status as a court appointed psychiatrist, fact and expert witness; second, that Dr. Reich was not acting under color of state law and therefore can not be liable under §1983, and third, that the statute of limitations has run.  Briefing on this motion was completed as of October 20, 2009  (Docket No.

_____

[1]Plaintiffs' claim of  civil conspiracy under 42 U.S.C. §1985 (Count II) was dismissed on November 2, 2009 (Docket No. 90).

[2]In their Response to Dr. Reich's Motion Summary Judgment and to Dismiss Plaintiffs state that they did not claims that Dr. Reich was a public employee for purposes of their civil rights claim under 42 U.S.C. §1983, but only for claims made under the New Mexico Tort Claims Act.  (Docket No. 71 at p. 4).

85), although Plaintiffs seek to discovery under F.R.Civ.P. 56(f) on statute of limitations and state

actor issues.[3]  (Docket No. 71, p. 20).

## II.     Absolute Quasi-Judicial Immunity/Witness Immunity

The common law provides absolute immunity from subsequent damages liability to all

persons who are integral parts of the judicial process.  **Briscoe v. LaHue** 460 U.S. 325, 335-336

(1973).   The determination of how integral an individual's actions are to the judicial process

involves determining the function or "task a defendant was performing and its nexus to the judicial

process." **Snell v. Tunnell**, 920 F.2d 673,  687 (10th Cir. 1990).  "The more distant a function is

from the judicial process, the less likely absolute immunity will attach."  Id.

In **Babb v. Eagleton**, 614 F.Supp. 2d 1232, 1238-1239 (N.D. Okla. 2008) the court

explained:

> Federal case law explains that quasi-judicial immunity is a form of "absolute"
> immunity that attaches "when a public official's role is 'functionally comparable'
> to that of a judge.' " **Hamilton v. Leavy**, 322 F.3d 776, 785 (3d Cir.2003). (An
> individual) is entitled to quasi-judicial immunity if (1) his role is functionally
> comparable to that of a judge, or (2) his acts are integrally related to an ongoing
> judicial proceeding. **See Mitchell v. Fishbein**, 377 F.3d 157, 172 (2d Cir.2004)
> (**citing Butz v. Economou**, 438 U.S. 478, 513, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978)
> and **Scotto v. Almenas**, 143 F.3d 105, 111-12 (2d Cir.1998)).(footnote omitted).  In
> determining whether a  role is functionally comparable to that of a judge, a court
> must evaluate several factors: " '[1] the need to assure that the individual can
> perform his functions without harassment or intimidation; [2] the presence of
> safeguards that reduce the need for private damages actions as a means of controlling
> unconstitutional conduct; [3] insulation from political influence; [4] the importance
> of precedent; [5] the adversary nature of the process; and [6] the correctability of
> error on appeal.' " Id. at 172-73 (**quoting Cleavinger v. Saxner**, 474 U.S. 193,
> 201-02, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985)). In determining whether the actions
> at issue are "integrally related to an ongoing judicial proceeding," the official must
> be engaged in acts that are "integrally related not simply to the judicial process in
> general but to a concrete judicial case or controversy." **Id**. at 174. Notwithstanding

_____

[3]The court ruling on that dispositive motion will determine whether to grant Plaintiffs' request for discovery under F.R.Civ.P 56(f).

3

these general rules, "[a]bsolute immunity fails to attach to judicial officers [if] they act clearly and completely outside the scope of their jurisdiction.**" Demoran v. Witt**, 781 F.2d 155, 158 (9th Cir.1986); **Ward v. San Diego County Dep't of Social Servs.**, 691 F.Supp. 238, 240 n. 1 (S.D.Cal.1988). In addition, it must be remembered that "immunity is justified and defined by the functions it protects and serves, not by the person to whom it attaches." **Forrester v. White**, 484 U.S. 219, 227, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988).

In applying these standards, courts have held that  testifying witnesses are immune from civil damages based upon their testimony[4], while a social worker seeking a pre-petition order for protective custody of a minor may not be.  **Snell v. Tunnell**, 920 F.2d at 686, 690-691 (10th Cir. 1990); a guardian ad litem who functions as an arm of the court to determine the reasonableness of a minor's settlement is entitled to absolute immunity, while a guardian ad litem  who is privately retained to advocate for the approval of such a settlement would not be.  **Collins on Behalf of Collins v. Tabet**, 111 N.M. 391 (1991)(applying functional analysis).  An individual appointed to act as an arm of the court in making evaluations of child custody and the like is entitled to immunity, even in the face of allegations falsifying evaluation tests, excluding information from reports, withholding data and testifying falsely.  **Hughes v. Long**, 242 F.3d 121 (3rd Cir. 2001).  The parties dispute whether Dr. Reich was court appointed, and the capacity in which she was acting, and have fully briefed those and other issues in the summary judgment motion pending before the District Court.

The instant motion, however, is not directed to whether Dr. Reich is entitled to absolute immunity, but to whether she is entitled to a stay of discovery until that issue is decided.  It is well settled that defendants asserting qualified immunity are entitled to a stay of discovery until that issue

---

[4]Plaintiffs deny that they seek to recover damages from Dr. Reich based on her testimony.  (Docket No. 71, p. 7-8).  Rather they contend that their claims are based on Dr. Reich's "close involvement and frequent consultation with CYFD."  Id. at 7.

is decided.  **Jiron v. City of Lakewood**, 392 F.3d 410, 414 (10th Cir. 2004).  The same rule applies to claims of absolute quasi-judicial immunity.

      **IT IS THEREFORE ORDERED** that Dr. Reich's Protective Order and to Stay Discovery Pending the Outcome of Her Motion for Summary Judgment and Motion to Dismiss (Docket No. 73) is granted.

      **IT IS SO ORDERED.**

                    Richard L. Puglisi
              United States Magistrate Judge