IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES ALISTAR MERCER-SMITH
and JANET MERCER-SMITH,

    Plaintiffs,

v.                                           Case No.  09-CV-340 JEC/RLP

STATE OF NEW MEXICO ex rel. CHILDREN,
YOUTH & FAMILIES DEPARTMENT;
DEBORAH HARTZ; MARY-DALE BOLSON;
DORIAN DODSON; REBECCA LIGGETT;
ANGELA DOMINGUEZ; ROLAND TRUJILLO;
CARMELLA ALCON; VERONICA VALLEJOS;
LOU ANN HOEPPNER; TERESA VIGIL;
FLORA ARAGON; KIMBERLY CREPIN; and
BETH REICH, all in their Individual and Offical
Capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Beth Reich's Motion for Summary Judgment on Plaintiffs' § 1983 Claim (Doc. 59) ("Motion"), filed August 10, 2009. Having reviewed the parties' submissions and being otherwise fully informed, the Court GRANTS Defendant Reich's Motion for the reasons set forth below.

**I.  BACKGROUND**

In this federal question civil rights case, Plaintiffs Mr. and Mrs. Mercer-Smith contend that Defendant Reich, who is a psychiatrist in Santa Fe, "instigated and perpetuated false allegations" that Mr. Mercer-Smith sexually abused his two daughters. *Complt.* (Doc. 1) at ¶ 42. Plaintiffs contend that Dr. Reich violated their civil rights by effectively destroying their family unit. *Id.* at 12-13.  Additional claims for conspiracy to violate Plaintiffs' civil rights have been dismissed pursuant to stipulation. *Id.* at 12-13; *Stipulated Order of Dismissal* (Doc. 90).

Plaintiffs also assert state law claims under the New Mexico Tort Claims Act and common law. *Complt.* at 13-14.

## II.  LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED.R.CIV.P. 56(c).  A "genuine" issue of fact exists where the evidence is such that a reasonable jury could resolve the issue either way.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

In response to a motion for summary judgment, a party "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial."  FED.R.CIV.P. 56(e)(2).  The party opposing summary judgment must present specific, admissible facts from which a rational trier of fact could find in his favor.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  However, the Court must consider the record, and all reasonable inferences therefrom, in the light most favorable to the party opposing the motion.  *Adler* at 670 (citing *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505, 91 L.Ed.2d 265).

## III.  DISCUSSION

Plaintiffs contend that, "[a]s the complaint makes clear," their claims arise from Dr. Reich's "conduct, close involvement and frequent consultation with CYFD."  *Resp.* at 7.  The Complaint is clear in that it seeks damages for "the utter destruction and disintegration of their family unit" and for litigation expenses.  *Id.* at ¶ 73.  But the only factual allegations against Dr.

Reich center on her statements of belief that Plaintiffs' daughters were sexually abused by their father, Defendant James Alistar Mercer-Smith. *Id.* at ¶ 25. It asserts that Dr. Reich's belief "was baseless and was premised on so-called 'recovered memory,' a theory which is widely discredited," and further that Dr. Reich "persisted in this claim even when presented with overwhelming evidence that those allegations had been investigated at the time and found to be baseless." *Complt.* (Doc. 1) at ¶ 25. In characterizing Dr. Reich as "an active participant" in Plaintiffs' "tragic situation," Plaintiffs note that "[s]he instigated and perpetuated false allegations of sexual abuse." *Id.* at ¶ 42. Although Plaintiffs also claim that Reich "actively participated in efforts to disobey the Court's orders," there are no factual allegations included in the Complaint to support this conclusory assertion[1]. *Id.* There are not even any allegations—apart from the generic claim of civil conspiracy, which has been dismissed pursuant to the parties' stipulation—that Reich was in contact with CYFD beyond her initial call to Child Protective Services to report sexual abuse and her subsequent cooperation as a witness in the underlying court proceedings. *Id.*

Dr. Reich, on the other hand, has put forward evidence detailing her involvement with CYFD in support of her Motion for Summary Judgment. She provides excerpts of her testimony in the underlying state court action. *Motion* at Ex. C. She notes that after CYFD was appointed legal guardian of Plaintiffs' two daughters, she was paid as their therapist by CYFD and the girls' grandparents. *Id.* at 2-3. Thereafter, Dr. Reich served as a witness for CYFD concerning

---

[1] Plaintiffs' Response attempts to flesh out their allegations of Reich's "active[] participat[ion] in efforts to disobey the Court's orders" by noting that Reich was treating Plaintiffs' daughters at the time that CYFD allegedly disobeyed court orders by placing the girls with certain foster parents. *Resp.* at 18. While this may be true, it does nothing to indicate that Dr. Reich sought to disobey Court orders or otherwise render Plaintiffs' claim plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969, 1974, 167 L.Ed.2d 929 (2007).

the allegations of abuse, including provision of relevant medical records and renderings of opinions requested by the state court and by the Citizen Review Board. *Id.* at 3-5. Plaintiffs do not dispute these facts. *Resp.* at 4-6. In fact, Plaintiffs rely on these facts, noting that such facts "detail the close interaction and involvement of Reich in the CYFD lawsuit, and support the Mercer-Smiths' position that she played an integral role in the process the agency employed to thwart their attempts to unite the family." *Id.* at 6.

Plaintiffs' obligation in responding to a motion for summary judgment is to "set out specific facts showing a genuine issue for trial." FED.R.CIV.P. 56(e)(2). However, Plaintiffs fail to specify any acts or omissions by Dr. Reich that indicate that her actions caused the alleged destruction of Plaintiffs' family unit. To the extent Plaintiffs premise their claims upon her initial report of abuse or her subsequent testimony, Dr. Reich is absolutely immune from suit. Although they suggest that Dr. Reich is otherwise involved in causing their alleged damages, Plaintiffs fail to identify any facts to support such involvement. Indeed, Plaintiffs freely admit they have "little information on any continuing involvement by Reich with the Mercer-Smith family, the Children's Court Case, or the CYFD, after approximately April 2006." *Resp.* at Ex. 11, p. 2, ¶ 7. Plaintiffs' belief, unsupported by any facts or even suspected facts, does not raise a genuine issue of material fact or provide another basis upon which to deny summary judgment. Moreover, the lack of allegations occurring within the limitations period also mandates dismissal of Plaintiffs' claims.

> A. **Defendant Reich is Immune From Suit For Her Actions in Reporting Suspected Abuse and Testifying In Court.**
>
>> 1. **Dr. Reich is absolutely immune from suit insofar as liability is alleged based on her role as a witness.**

It is beyond question that witnesses who testify in a court action are absolutely immune from suit. *Briscoe v. LaHue*, 460 U.S. 325, 345, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) (holding that "the rationale of our prior absolute immunity cases [granting immunity for judges and prosecutors] governs the disposition of this case"). Again, Plaintiffs apparently recognize this, since they concede their claims against Dr. Reich do not arise from her role as a witness. *Resp.* at 7 ("[t]he Mercer-Smiths do not assert any claim for damages based on what Reich said on the witness stand in those proceedings").

### 2.     Individuals reporting instances of alleged child abuse are statutorily immune from liability.

As an individual reporting an instance of alleged child abuse, Dr. Reich is "immune from liability, civil or criminal, that might otherwise be incurred or imposed by the law" absent some evidence that she acted in bad faith or with malicious purpose. NMSA 1978, § 32A-4-5(B). Again, Plaintiffs have not met their burden of setting forth any specific facts that might show a genuine issue as to whether Dr. Reich was acting in bad faith or with a malicious purpose.

"A party seeking to defer a ruling on summary judgment under Rule 56(f) must 'file an affidavit that explain[s] why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts.'" *Garcia v. United States Air Force*, 533 F.3d 1170, 1179 (10th Cir. 2008) (quoting *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1308 (10th Cir.2007) (alteration in original)). Here, Plaintiffs have filed a Rule 56(f) affidavit, but they fail to specify any facts or suspected facts that might indicate Dr. Reich was acting in bad faith or with a malicious purpose in making her initial report of abuse. *Resp.* at Ex.11. In fact, the focus of the Rule 56(f) by Plaintiffs' counsel appears to be obtaining information on "any continuing involvement by Reich

5

... *after* 2006," which would be well after and unrelated to Dr. Reich's initial report of abuse. *Id.* at 2, ¶ 7.

      **B.    Plaintiffs Lack Facts, or Suspected Facts, to Raise a Genuine Issue of Material Fact Sufficient to Defeat Summary Judgment.**

Given Dr. Reich's immunity with respect to her initial report of abuse and her trial testimony, Plaintiffs must identify non-testimonial acts or omissions that give rise to liability. No such actions are identified. Although Plaintiffs have filed a Rule 56(f) affidavit seeking additional information from Dr. Reich, including documents related to "[o]ther abuse and neglect cases in which Defendant Reich has participated," *Resp.* at Ex. 11, p. 3. , they have not specified what probable facts may be available if their proposed additional discovery is allowed.

          **1.    Plaintiffs disavow allegations of misconduct during the course of therapy, and malpractice claims have been dismissed.**

There are no factual allegations of misconduct by Dr. Reich during the course of her therapy to Plaintiffs' daughters. To the extent such allegations exist—e.g., that Dr. Reich allegedly relied on the "discredited" technique of recovered memory—Plaintiffs may file a medical malpractice lawsuit. In this case, however, Plaintiffs have expressly denied any claims along these lines. *Response in Opposition to Defendant Beth Reich's Motion to Dismiss* (Doc. 42) ("Response") at 4-5 (arguing that Plaintiffs themselves were never patients of Dr. Reich, they are not suing on behalf of their children who were patients of Dr. Reich, and, therefore, their claims against Dr. Reich are not within the purview of the Medical Malpractice Act). Moreover, to the extent medical malpractice claims existed, they have been dismissed from this lawsuit. *Order* (Doc. 74).

          **2.    Absent some facts or other evidence of potential wrongdoing by Dr. Reich, Plaintiffs' claims cannot survive summary judgment.**

Plaintiffs insist—without identifying any non-testimonial acts or omissions by Dr. Reich—that Dr. Reich should be held liable for the destruction of their family unit. It appears they believe liability may exist based on some unidentified acts occurring after Dr. Reich's in-court testimony, yet Plaintiffs admit they have "little information on any continuing involvement by Reich with the Mercer-Smith family, the Children's Court case, or the CYFD after approximately April 2006." *Resp.* at Ex. 11, ¶ 7.

"A party may not invoke Rule 56(f) 'by simply stating that discovery is incomplete but must state with specificity how the additional material will rebut the summary judgment motion.'" *Garcia* at 1179 (quoting *Herrera* at 1308-09). Plaintiffs fail to offer any facts or other basis for assuming that any continuing involvement by Dr. Reich exists. Additionally, much of Plaintiffs' requested discovery does not even appear relevant to Dr. Reich's summary judgment motion. For instance, any documents she has relating to other abuse and neglect cases would not rebut Dr. Reich's Motion for Summary Judgment. "When a plaintiff has no evidence whatsoever [], but merely suspects that he could find such evidence if given a chance, he is not entitled to pursue such a fishing expedition in federal court." *Jarvis v. Nobel/Sysco Food Svcs. Co.*, 985 F.2d 1419, 1423, n.4 (10th Cir. 1993).

### C.   Dr. Reich Is Not Liable Pursuant to § 1983.

In order to be held liable under 42 U.S.C. § 1983, "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). The Supreme Court recognizes four tests to determine whether a private actor such as Dr. Reich may be considered a state actor for § 1983 purposes: "(1) the public function test, (2) the nexus test, (3) the symbiotic relationship test

and (4) the joint action test." *Anderson v. Suiters*, 499 F.3d 1228, 1233 (10th Cir. 2007). Plaintiff argues Dr. Reich qualifies as a state actor under the joint action test. *Resp.* at 12.

Under this test, Plaintiffs must show that Dr. Reich was a "willful participant in joint action with the State or its agents." *Johnson v. Rodrigues*, 293 F.3d 1196, 1205 (10th Cir. 2002) (citations and internal quotation marks omitted). Along the same lines, courts utilizing the joint action test must look to "whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Id.* Mere acquiescence in another's actions is not sufficient; "both public and private actors [must] share a common, unconstitutional goal." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1454 (10th Cir.1995). "[O]ne way to prove willful joint action is to demonstrate that the public and private actors engaged in a conspiracy." *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1126 (10th Cir.2000).

Plaintiffs in this case have voluntarily dismissed their civil conspiracy claims. *Stipulated Order of Dismissal* (Doc. 90). There are no factual allegations to support Plaintiffs' apparent belief that Dr. Reich set out to deprive them of their constitutional interest in the integrity of their family unit. Although Plaintiffs note that Dr. Reich responded to CYFD subpoenas and met with CYFD attorneys in preparation for her testimony, these facts do not indicate that Dr. Reich had an unconstitutional goal or even that Dr. Reich "advocated CYFD's position." *See Resp.* at 13. If the Court were to find joint action by Dr. Reich in this case, every therapist called to testify by a state agency could be liable under § 1983. This is not the intent of § 1983.

Summary judgment in Dr. Reich's favor is appropriate in spite of the alleged fact dispute pertaining to Dr. Reich's contractual relationship with CYFD. The Court finds no dispute that Reich's affiliation with CYFD was limited to her treatment—which pre-dated CYFD's

involvement in this case—of Plaintiffs' daughters.  Dr. Reich was not an employee of CYFD nor was she otherwise affiliated with the State so as to render her a state actor.

### D. The Statute of Limitations Bars Plaintiffs' § 1983 Claims Against Dr. Reich.

The parties agree that the statute of limitations applicable to Plaintiffs' claims against Dr. Reich is three years.  *Motion* at 20; *Resp.* at 16 (contending that statute should expire three years after children reach age of majority).  Given that the Complaint in this case was filed April 7, 2009, Plaintiffs' allegations must arise out of Dr. Reich's actions occurring April 7, 2006 or later—barring some tolling exception to the statute of limitations.

The Complaint contains no allegations of wrongdoing by Dr. Reich after 2001.  Plaintiffs claim that Dr. Reich "focused on the idea of the children being molested by their father" in February 2001, after Rachel had "a psychotic episode."  *Complt*. at ¶ 25.  They note that Reich subsequently called CYFD.  *Id.* at ¶ 26.  Without further factual allegations concerning Reich, Plaintiffs contend that "the Defendants," which presumably includes Dr. Reich, "engaged in a concentrated, calculated and intentional plan to thwart the [Children's] Court's orders and deny the Mercer-Smiths their constitutionally required process, to destroy the integrity of their family unit, and to remove the children from the family such that they would never again speak to or associate with their parents."  *Id.* at ¶ 36.  They claim, again without further factual allegations, that Reich "was an active participant in this tragic situation" and that "[s]he actively participated in efforts to disobey the [Children's] Court orders."  *Id.* at ¶ 42.  But there are no specific allegations of wrongful conduct by Dr. Reich within the relevant time period.

In response to Dr. Reich's statute of limitations argument, Plaintiffs claim that because their right to the integrity of their family unit extends until their children reach age eighteen, the

statute of limitations should be measured from their younger daughter Rachel's eighteenth birthday, April 8, 2006. *Resp.* at 16. Since their Complaint was filed April 9, 2009, they argue that no statute of limitations problem exists. *Id.* Leaving aside the obvious questions regarding claims related to their older daughter Julia, who turned eighteen on August 12, 2005, the Court finds no merit in this argument. The statute of limitations on civil rights claims runs from the date "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Prince v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005).

In fact, as the Tenth Circuit has acknowledged, "it is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue." *Id.* Plaintiffs argue that their claim did not accrue until January 3, 2008, when the Children's Court found CYFD in contempt of its November 3, 2003 Findings of Fact and Conclusions of Law and Decision on Placement. *Resp.* at 18-19. However, nothing in the January 3, 2008 Order references either conduct by Reich or conduct after February 2004. *Id.* at Ex. 9. Likewise, there is nothing in the January 3, 2008 Order to suggest any kind of cover-up sufficient to justify a tolling of the statute of limitations. *Id.* In short, Plaintiffs' civil rights claims have expired.

## IV.  CONCLUSION

Defendant Reich's Motion for Summary Judgment is granted. Dr. Reich is absolutely immune from suit to the extent Plaintiffs' claims are based on her initial report of abuse or her subsequent testimony. As Plaintiffs have further failed to identify any facts or probable facts related to non-testimonial acts or omissions on Dr. Reich's part, no further discovery is necessary. Additionally, Dr. Reich is not a state actor, and liability pursuant to 42 U.S.C. § 1983 is therefore precluded. Finally, the statute of limitations applicable to Plaintiffs' civil rights

claims against Dr. Reich has expired.

IT IS THEREFORE ORDERED that *Defendant Beth Reich's Motion for Summary Judgment on Plaintiffs' § 1983 Claim* (Doc. 59), filed August 10, 2009, is GRANTED, and Plaintiffs' Counts I and III shall be dismissed with prejudice.  Count IV asserts claims under the New Mexico Tort Claims Act, which, given the Court's findings herein, is not applicable to Dr. Reich.  Count IV is therefore dismissed with prejudice as against Dr. Reich.  To the extent there are any remaining state-law claims asserted against Dr. Reich in Count V, the Court declines to accept jurisdiction of such claims.  They, too, will be dismissed without prejudice.

IT IS FURTHER ORDERED that *Plaintiffs' Objection to Memorandum Opinion and Order Granting State Defendants' Motion for a Stay of Discovery Pending A Decision on Qualified Immunity* (Doc. 89), filed October 30, 2009, and *Plaintiffs' Objection to Memorandum Opinion and Order Granting Defendant Beth Reich's Motion for Protective Order and to Stay Discovery Pending Decisions on Dispositive Motions* (Doc. 96), filed November 20, 2009, are moot.

Dated February 8, 2010.

s/John Edwards Conway
_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

Dan Cron, Esq.
Larry D. Maldegen, Esq.
Grey W. Handy, Esq.
Santa Fe, NM

Counsel for Defendant Beth Reich:

Edward Shepherd, Esq.

11

Albuquerque, NM

Counsel for State Defendants:
Timothy V. Flynn-O'Brien, Esq.
Albuquerque, NM