IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES ALISTAR MERCER-SMITH
and JANET MERCER-SMITH,

      **Plaintiffs,**

v.                                                **Case No.  09-CV-340 JEC/RLP**

STATE OF NEW MEXICO ex rel. CHILDREN,
YOUTH & FAMILIES DEPARTMENT;
DEBORAH HARTZ; MARY-DALE BOLSON;
DORIAN DODSON; REBECCA LIGGETT;
ANGELA DOMINGUEZ; ROLAND TRUJILLO;
CARMELLA ALCON; VERONICA VALLEJOS;
LOU ANN HOEPPNER; TERESA VIGIL;
FLORA ARAGON; KIMBERLY CRESPIN; and
BETH REICH, all in their Individual and Official
Capacities,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the *State Defendants' Motion for Qualified Immunity and to Dismiss* (Doc. 64) ("Motion"), filed August 31, 2009.  The Court, having reviewed the parties' submissions and being otherwise fully informed, finds the Motion is well-taken and will therefore GRANT the Motion as explained in detail below.

## I.      BACKGROUND

Plaintiffs' Complaint arises generally from the New Mexico Children Youth & Families Department's role in removing their two daughters from their home secondary to allegations of sexual abuse by Plaintiff James Alistar Mercer-Smith.  In addition to instigating the removal of the children from the family home, Plaintiffs claim that CYFD wrongfully pursued abuse and neglect proceedings against them and interfered with efforts to reunify the family such that Plaintiffs have ultimately suffered "the utter destruction and disintegration of their family unit."

*Complt.* at 15.

The instant Motion by Defendants Rebecca Liggett, Deborah Hartz, Mary-Dale Bolson, Dorian Dodson, Angela Dominguez, Roland Trujillo, Carmella Alcon, Teresa Vigil, Flora Aragon and Kimberly Crespin (collectively, the "State Defendants") seeks to dismiss the Complaint on four grounds, that: (1) the Complaint fails to state a claim for which relief can be granted, (2) the Complaint fails to allege the violation of a constitutional right, (3) Defendants have qualified immunity, and (4) Plaintiffs' claims are barred by the statute of limitations.

## II.    LEGAL STANDARD

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the court "assume[s] the truth of the plaintiff's well-pleaded factual allegations and view[s] them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  Dismissal is not appropriate if the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969, 1974, 167 L.Ed.2d 929 (2007).)  "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Id.*

"It is well-established [] that in determining whether to grant a motion to dismiss, the district court [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995). Notwithstanding this rule, however, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the

documents' authenticity." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir.2002)).

Both Plaintiffs and the State Defendants attach certain pleadings from the underlying proceeding in Children's Court. Plaintiffs also attach a copy of a Hearing Officer's Decision related to the investigation of the abuse allegations against Plaintiff James Alistar Mercer-Smith by his employer, the United States Department of Energy. *Resp.* at Ex. 1. Additionally, Plaintiffs provide an unauthenticated transcript purporting to be from an April 27, 2004 hearing in the Children's Court case. *Id.* at Ex. 4. The State Defendants contend that the Court cannot consider these two documents without converting their Motion into a Fed.R.Civ.P. 56 Motion for Summary Judgment. *Reply* at 4.

Plaintiffs' Complaint references Mr. Mercer-Smith's employment at Los Alamos National Laboratory (LANL) and states that a nationally recognized expert on pedophilia evaluated him for the Department of Energy in connection with his national security clearance, finding that he was not a pedophile. *Complt.* at ¶¶ 17, 30. Plaintiffs further contend they provided these results to the State Defendants and asked them to reconsider their position, but the State Defendants allegedly "improperly and unlawfully ignored this request." *Id.* at ¶ 32. Finally, Plaintiffs' Complaint restates some of the findings of the DOE hearing officer and notes that Mr. Mercer-Smith's security clearance was reinstated. *Id.* at ¶ 40. Based on these allegations, the Court finds that Plaintiffs' Exhibit 1 to their *Response in Opposition to State Defendants' Motion for Qualified Immunity and to Dismiss* was referred to in the Complaint and, since there is no dispute as to the document's authenticity, Exhibit 1 may therefore be considered in ruling on the State Defendants' Rule 12(b)(6) Motion.

3

The Court will not, however, consider the unofficial transcript from the April 27, 2004 hearing.  As the State Defendants point out, the transcript does not appear to have been prepared by a court reporter, but instead by "some unknown party."  *Reply* at 4.

## III.    DISCUSSION

The Mercer-Smith daughters were removed from the Plaintiffs' home in 2001.  On May 21, 2001, the Children's Court found it was in the best interests of the children to remain in CYFD's custody pending adjudication of the alleged abuse.  *Resp.* at Ex. 1, p. 2.  On August 30, 2001, Plaintiffs pled "no contest" to the following allegations:

1.    The Respondent James Mercer-Smith touched his children Julia and Rachel in a way that made them feel uncomfortable and which they reasonably perceived as sexual.

2.    The Respondent Janet Mercer-Smith knew or should have known that her husband, the Respondent James Mercer-Smith touched his children Julia and Rachel in a way that made them feel uncomfortable and which they reasonably perceived as sexual and she did not take reasonable steps to protect the children from further harm.

*Id.* at Ex. 2, p. 1-2.  In light of the Plaintiffs' "no contest" plea and pursuant to stipulation by the Plaintiffs, the Court ordered that CYFD would retain legal custody of the Mercer-Smith children for up to two years, or until from August 30, 2003.  *Id.* at 3.

On August 15, 2002, the Children's Court adopted a plan for Julia and Rachel Mercer-Smith, anticipating that they would remain in CYFD custody until they turned 18, with neither daughter returning to Plaintiffs' home.  *Resp.* at Ex. 2, ¶¶ 4-5.  At the time, both daughters were

living at Casa Mesita Group Home.  *Id.* at ¶¶ 6-7.  Believing that neither Julia nor Rachel

continued to require the level of treatment offered by Casa Mesita, CYFD proposed in June 2003

to place Rachel with the Farley family and Julia with the Schmierer family.  *Id.* at ¶¶ 8-9.

Plaintiffs objected to these placements. *Id.*  Because Gaye Farley was the executive director of

Casa Mesita and Jennifer Schmierer had been a therapist at Casa Mesita, the Children's Court

found that these placements would constitute improper "dual relationships" under the Code of

Ethics for Occupational and Professional Licensing, Counselors and Therapists.  *Resp.* at Ex. 2,

¶¶ 23 & 43.  By Order dated November 3, 2003, the Children's Court found the proposed

placements were arbitrary and capricious and would be an abuse of the CYFD's discretion.  *Id.*

at p. 8.

On October 5, 2003, Rachel and Julia Mercer-Smith were placed with Jeanne and Martin

Ritter as foster parents.  *Resp.* at Ex. 3, ¶ 65.  However, CYFD asked the Farleys and the

Schmierers to continue providing transportation for the girls such that the girls "would be

spending the majority of their waking hours either in school or with the [Farleys and the

Schmierers]."  *Id.* at ¶ 52.  The Children's Court ultimately found that the only foster care

services provided by the Ritters was "a place to sleep."  *Id.* at 77.  In fact, the Children's Court

found that

> The designation by CYFD of the Ritters as "foster parents" was
> done deliberately by CYFD for the purpose of concealing from the
> Court and James and Janet Mercer-Smith the fact that Jennifer and
> Eric Schmierer served the function of being foster parents for Julia
> Mercer-Smith and Gay and Dwain Farley served the function of
> being foster parents for Rachel Mercer-Smith.

*Id.* at ¶ 128.  On February 12, 2004, CYFD gave notice of its intent to place both Julia and

Rachel Mercer-Smith with Travis and Melissa Brown.  *Id.* at ¶¶ 137 & 146.  Melissa Brown is

the daughter of Gay and Dwain Farley and lived two houses away from the Farleys at the time of the placement. *Id.* at ¶ 153-54. On January 3, 2008, the Children's Court found CYFD in contempt of the Court's November 3, 2003 Findings of Fact and Conclusions of Law and Decision on Placement. *Id.* at ¶ 199.

A.      **The Statute of Limitations Has Expired.**

The parties agree that the limitations period applicable to Plaintiffs' civil rights claim is three years. *Motion* at 10; *Resp.* at 19. Given that the Complaint in this case was filed April 7, 2009, Plaintiffs' allegations must arise from CYFD actions occurring April 7, 2006 or later—barring some tolling exception to the statute of limitations.

The Complaint contains no allegations of wrongdoing by CYFD after 2003. Plaintiffs generally allege that CYFD sought to "thwart the Court's orders and deny the Mercer-Smiths their constitutionally required process, to destroy the integrity of their family unit, and to remove the children from the family such that they would never again speak to or associate with their parents" from 2003 forward. *Complt.* at ¶¶ 35-36. They criticize Defendant Liggett's actions during the Children's Court litigation, the placement of the children with the Farley and Schmierer families, and the State Defendants' "inappropriate and unlawful" communication with Rachel and Julia Mercer-Smith. *Id.* at ¶¶ 37-38. But there are no specific allegations of wrongful conduct by the State Defendants in the relevant time period.

The most recent pleading provided from the Children's Court proceeding also fails to identify any recent, actionable wrongful conduct by the State Defendants. The January 3, 2008 Order finding CYFD in contempt references its February 2004 placement of Rachel and Julia with the Browns, but does not reference any conduct by CYFD during the limitations period

beginning in April 2006.  *Resp.* at Ex. 4, ¶ 146.

In response to the State Defendants' statute of limitations argument, Plaintiffs assert the continuing wrong doctrine, and they identify the continuing wrong as "the sham placement of the children with the therapist families and the continuous attempts to cover up the wrong and circumvent the District Court's November 2003 Order."  *Resp.* at 20.  Although they cite no facts in support, Plaintiffs claim the January 2008 Children's Court Order finds that "acts in furtherance of the sham placement in violation of its November 3, 2003 Order were continuing to occur as of the date of its Contempt Order, a timeframe well within the permissible three-year period prior to filing the Complaint."  *Id.*  CYFD's only alleged action during this three-year period, however, is Gay Farley's continued daily contact with Rachel Mercer-Smith.  *Id.*; *Resp.* at Ex. 3, ¶ 181.  As the State Defendants point out, however, CYFD had no legal custody over Rachel after April 7, 2006.  *Reply* at 5.  Thus, Rachel's relationship with Gay Farley during the limitations period is irrelevant to Plaintiffs' claims against CYFD, and Plaintiffs have alleged no facts to support a plausible claim to any wrong continuing after the 2004 placement of the Mercer-Smith daughters with the Browns.

As the State Defendants point out, Plaintiffs do not allege facts to support a plausible claim as to any cover-up.  Plaintiffs were fully aware of the 2004 placement with the Browns; indeed, they filed a motion seeking to hold Defendants Liggett, Hoeppner, and Alcon, among others, in contempt in mid-2004.  Given that Plaintiffs' instant claims are based on the same conduct as the 2004 contempt motion, it is clear Plaintiffs had facts in 2004—or at least before April 2006— that should have put them on notice of the claims they now raise.  *Alexander v. Oklahoma*, 382 F.3d 1206, 1216 (10th Cir. 2004).  Plaintiffs have not alleged any instances of

7

ongoing activity by the State Defendants after the 2004 placement, and "the [continuing wrong doctrine cannot be employed where the plaintiff's injury is 'definite and discoverable, and nothing prevented the plaintiff from coming forward to seek redress.'" *Tiberi v. Cigna Corp*, 89 F.3d 1423, 1431 (10th Cir. 1996) (quoting *Wilson v. Giesen*, 956 F.2d 738, 743 (7th Cir.1992)). By contrast, the cases Plaintiffs cite in support of their claim involved situations where the alleged wrong may have begun more than three years before the lawsuit was filed but then continued on through the defendants' ongoing tortious acts or omissions. *See, e.g., Robinson v. Maruffi*, 895 F.2d 649, 654 (10th Cir. 1990) (noting that the alleged wrong "began more than three years before the commencement of this civil rights suit, but it continued on through the second criminal trial of [the plaintiff] in October 1983, when the false case was presented again on retrial").

In short, Plaintiffs' civil rights claim does not set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969, 1974, 167 L.Ed.2d 929 (2007).  The Court requires more than a "metaphysical possibility" that Plaintiffs could prove facts to support the alleged continuing wrong.  *Id.*  Absent some specific allegation of ongoing wrongful conduct, the statute of limitations has clearly expired, and Plaintiffs' Counts I and III will therefore be dismissed.

**B.     Remaining State Law Claims Must Also Be Dismissed.**

Counts IV and V of Plaintiffs' Complaint sound exclusively in state law.  Count IV asserts claims for negligence, defamation, malicious abuse of process, professional negligence, medical malpractice and deprivation of rights pursuant to the New Mexico Tort Claims Act. *Complt.* at 13.  Count V asserts these claims, plus intentional infliction of emotional distress and

invasion of privacy pursuant to New Mexico common law.  *Complt.* at 14.  The Court previously dismissed Plaintiffs' claims for professional negligence and medical malpractice pursuant to *Defendant Beth Reich's Opposed Motion to Dismiss* (Doc. 32), filed May 11, 2009.  *Order* (Doc. 74), filed October 3, 2009.

With respect to Count IV, the State Defendants enjoy statutory immunity from any and all tort claims absent the application of a statutory exception.  NMSA 1978, § 41-4-4.  The Complaint states only that "[a]ll of the acts or omissions which constitute the basis for liability under this count come within the scope of the waivers of immunity contained within the New Mexico Tort Claims Act."  *Complt.* at ¶ 66.  Plaintiffs do not specify which, if any, tort claims act exception allegedly applies to each alleged tort.  *Complt.* at 13-14.  In response to the State Defendants' Motion to Dismiss, Plaintiffs again decline to identify any applicable exception to Tort Claims Act immunity, arguing only that this Court should defer any decision on the state claims.  *Resp.* at 23-24.  Even if Plaintiffs had identified an applicable exception to Tort Claims Act immunity, the State Defendants argue that the two-year statute of limitations applicable to such claims has expired.  *Motion* at 17 (citing NMSA 1978, § 4-4-15).

The Court agrees with the State Defendants that Counts IV and V should be dismissed. Not only have Plaintiffs failed to state a plausible claim for relief in that they fail to identify any applicable exception to immunity, but the two-year statute of limitations applicable to the claims in Count IV has expired for the same reasons set forth in the statute of limitations discussion herein.  Similarly, to the extent Plaintiffs assert any viable claims in Count V, the applicable three-year statute of limitations has expired, as explained in Part III(A) above.

**IV.    CONCLUSION**

Plaintiffs' Complaint fails to plead "enough facts to state a claim to relief that is plausible on its face" in that there are no allegations of to support application of the continuing wrong doctrine and no allegations of acts or omissions by the State Defendants during the three years prior to Plaintiffs' Complaint, filed April 7, 2009.  All claims against the State Defendants therefore appear to have expired under the applicable statute of limitations.

IT IS THEREFORE ORDERED that the *State Defendants' Motion for Qualified Immunity and to Dismiss* (Doc. 64) ("Motion"), filed August 31, 2009, is GRANTED, and Plaintiffs' Counts I, III, IV and V shall be dismissed without prejudice.

Dated February 8, 2010.

s/John Edwards Conway

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

Dan Cron, Esq.
Larry D. Maldegen, Esq.
Grey W. Handy, Esq.
Santa Fe, NM

Counsel for Defendant Beth Reich:

Edward Shepherd, Esq.
Albuquerque, NM

Counsel for State Defendants:
Timothy V. Flynn-O'Brien, Esq.
Albuquerque, NM

10