IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JAMES ALISTAR MERCER-SMITH**
**and JANET MERCER-SMITH,**

     **Plaintiffs,**

v.                                                                                  Case No.  09-CV-340 JEC/RLP

**STATE OF NEW MEXICO ex rel. CHILDREN,**
**YOUTH & FAMILIES DEPARTMENT;**
**DEBORAH HARTZ; MARY-DALE BOLSON;**
**DORIAN DODSON; REBECCA LIGGETT;**
**ANGELA DOMINGUEZ; ROLAND TRUJILLO;**
**CARMELLA ALCON; VERONICA VALLEJOS;**
**LOU ANN HOEPPNER; TERESA VIGIL;**
**FLORA ARAGON; KIMBERLY CRESPIN; and**
**BETH REICH, all in their Individual and Official**
**Capacities,**

     **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Plaintiffs' Emergency Motion for Rule 54(b) Certification or, in the Alternative, for a Determination that All Claims Have Been Dismissed or Expressly Adjudicated and Points and Authorities in Support Thereof* (Doc. 110) ("Motion"), filed February 15, 2011.  Having reviewed the parties' submissions and being fully advised on the relevant law, the Court finds the Motion is well-taken in part and will be GRANTED in part.

**I.     BACKGROUND**

On April 7, 2009, Plaintiffs filed their Complaint, alleging violations of their civil rights pursuant to 42 U.S.C. § 1983 (Count I), civil conspiracy pursuant to 42 U.S.C. § 1985 (Count II), continuing violations of their civil rights pursuant to 42 U.S.C. §§ 1983 and 1985 (Count III), claims arising under the New Mexico Tort Claims Act (Count IV), and claims arising under common law (Count V).  *See Complt*. (Doc. 1).  As set forth below, the Court has ruled on all

claims raised in the Complaint, and this matter is now appropriate for review by the Tenth Circuit.

Initially, the parties stipulated to dismissal without prejudice of all claims against the Defendant State of New Mexico ex rel. Children Youth and Families Department ("CYFD") and all claims against other State Defendants in their official capacities.  *See Order* (Doc. 49), filed June 25, 2009.  On October 5, 2009, the Court dismissed claims of medical malpractice against Defendant Beth Reich in Counts IV and V[1] without prejudice because Plaintiffs had not raised these claims before the Medical Review Commission as required by NMSA 1978, § 41-5-3(C).  *See Memo. Op. and Order* (Doc. 74).  On November 2, 2009, the parties stipulated to dismissal without prejudice of their civil conspiracy claims pursuant to 42 U.S.C. § 1985 in Count II.  *See Stip. Order* (Doc. 90).  Plaintiffs will stipulate to "with prejudice" dismissals of each of these three categories of claims.  *Motion* at ¶ 12.

On February 8, 2010, the Court dismissed all other federal claims against Defendant Reich with prejudice, on multiple grounds.  *See Memo. Op. and Order* (Doc. 101) at 10-11 (providing that (1) Defendant Reich was entitled to absolute immunity for her initial report of abuse and subsequent testimony and Plaintiffs had not identified any non-testimonial acts by Defendant Reich that caused them harm; (2) Defendant Reich was not a state actor who could be sued under § 1983; and (3) the statute of limitations had expired).  The Court dismissed any remaining state law claims against Defendant Reich without prejudice, declining to accept supplemental jurisdiction.  *Id.*  Also on February 8, 2010, the Court dismissed the only claims

---

[1]Plaintiffs' other state-law claims against Dr. Reich—specifically, straight negligence, defamation, malicious abuse of process, intentional infliction of emotional distress, and invasion of privacy—were not dismissed by the terms of the October 5, 2009 Order.

that remained in the case without prejudice, finding that all claims against the State Defendants were barred by the statute of limitation.  *See Memo. Op. and Order* (Doc. 102).

## II.     LEGAL STANDARD

"[A] party generally may not take an appeal under [28 U.S.C.] § 1291 until there has been a decision by the district court that ends the litigation on the merits." *Heimann v. Snead*, 133 F.3d 767, 768-69 (10th Cir. 1998) (*per curiam*) (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521, 108 S.Ct. 1945, 1948, 100 L.Ed.2d 517 (1988)).  The Tenth Circuit's "general rule is that a party cannot obtain appellate jurisdiction where the district court has dismissed at least one claim without prejudice because the case has not been fully disposed of in the lower court." *Jackson v. Volvo Trucks N.Am., Inc.*, 462 F.3d 1234, 1238 (10th Cir. 2006).  However, the Tenth Circuit acknowledges that this "rule does not apply in every circumstance." *Id.*

"[W]here the dismissal [without prejudice] finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable." *Id.* (quoting *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir.2001)).  For instance, a district court's decision to decline supplemental jurisdiction and dismiss state claims without prejudice, allowing the plaintiff to potentially re-file them in state court, is a final and appealable order. *Amazon*, 273 F.3d at 1275.  Likewise, a dismissal without prejudice of claims on grounds of Eleventh Amendment immunity is final and appealable. *Korgich v. Regents of New Mexico Sch. of Mines*, 582 F.2d 549, 550 (10th Cir. 1978).  Indeed, "[a] dismissal without prejudice can be a final decision" in any case where "no amendment of the complaint could cure the defect." *Constien v. United States*, 628 F.3d 1207, 1210 (10th Cir. 2010) (noting, for example, that dismissal without prejudice for failure of service is a final and appealable order because no amendment of the complaint could cure the defect).

In lawsuits where some of the claims have been dismissed in a final and appealable manner but other claims are not yet reviewable, Rule 54(b) provides for immediate appellate review upon the district court's determination that "there is no just reason for delay." Fed.R.Civ.P. 54(b). Two findings are required by district courts when granting certification under Rule 54(b)—(1) that its judgment is final, and (2) that there is no just reason for delay of entry of its judgment. *Stockman's Water Co., LLC v. Vaca Partners, LP*, 425 F.3d 1263, 1265 (10th Cir. 2005). District courts "should clearly articulate their reasons and make careful statements based on the record support supporting their determination of 'finality' and 'no just reason for delay' so that we can review a 54(b) order more intelligently and thus avoid jurisdictional remands." *Id.* (internal quotations marks and citations omitted).

Given the policy against multiple piecemeal appeals involving the same issues, district courts entertaining Rule 54(b) certification should consider "whether the claims under review are separable from the others remaining to be adjudicated and whether the nature of the claims already determined are such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 7, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)). "Rule 54(b) entries are not to be made routinely. Indeed, trial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships." *Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (internal quotation marks and citations omitted).

Where Rule 54(b) does not apply, appellate review of non-final orders may still be available. *See, e.g., Nolan v. U.S. Dept. of Justice*, 973 F.2d 843, 846-47 (10th Cir. 1992). The district court must simply adjudicate all outstanding claims before the appellate court considers

the merits of the appeal.  *Id.*

### III.   DISCUSSION

#### A.   This Case Is Not Appropriate for Certification Under Rule 54(b).

Plaintiffs' Motion requests certification under Rule 54(b), which allows for appeal of some but not all claims in the case, yet Plaintiffs do not identify which of the claims, if any, should be retained by this Court.  In fact, Plaintiffs appear interested in obtaining appellate review of the entire case.  In the first place, Plaintiffs' Motion alternatively requests "an Order explicitly adjudicating, or dismissing with prejudice, all of Plaintiffs' claims so that an appeal of the Orders contained in Documents 101 and 102 may continue."  *Motion* at 1.  Plaintiffs also indicate they would stipulate to dismissal with prejudice of a number of claims that this Court dismissed without prejudice "if that would promote the continuation of the present appeal."  *See Motion* at ¶ 12.

The Court cannot find that the claims in this case are separable "such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."  *Stockman's Water Co.*, 425 F.3d at 1265 (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8).  In particular, the Court is concerned that, as Defendants have warned, Plaintiffs will "have the Tenth Circuit review this Court's orders, while at the same time retaining the option to amend their complaint or to refile after the Tenth Circuit rules."  *Defs' Joint Response to Pls' Emergency Motion for Rule 54(b) Certification* (Doc. 112), filed Feb. 22, 2011 ("Response").

Plaintiffs also fail to make the required showing that there is no just reason for delaying appellate review of some but not all claims in this matter.  Certainly, Plaintiffs have not identified any undue hardship that requires immediate appeal of a portion of the claims.  The Court fails to see any inequities in this case sufficient to override the competing concern of

preventing piecemeal appeals and will therefore deny Plaintiffs' Motion insofar as it requests certification under Rule 54(b).

### B. The Court's Will Dismiss Claims Against CYFD and State Defendants in Their Official Capacities, Professional Liability Claims against Defendant Reich, and Civil Conspiracy Claims in Count II With Prejudice.

Plaintiffs indicate they are willing to stipulate that the Court's prior dismissals without prejudice of any claims against CYFD and the State Defendants in their official capacities, all professional liability claims against Defendant Reich in Counts IV and V, and Count II in its entirety (civil conspiracy under 42 U.S.C. § 1985) should be converted to dismissals with prejudice "if that would promote the continuation of the present appeal." *Motion* at ¶ 12. The Court will therefore enter a separate judgment dismissing these claims, which have also otherwise been "effectively excluded from federal court under the present circumstances," *Jackson*, 462 F.3d 1238.

### C. The Order Disposing of All Claims Against Defendant Reich is Final and Appealable Despite Dismissal "Without Prejudice" of State Law Claims.

The Court's Memorandum Opinion and Order disposing of all claims against Defendant Reich (Doc. 101) is appealable despite the dismissal "without prejudice" of the remaining state law claims in Count V. As stated in the Order, "[t]o the extent there are any remaining state-law claims asserted against Dr. Reich in Count V, the Court declines to accept jurisdiction of such claims. They, too, will be dismissed." *Memo. Op. and Order* at 11. The Tenth Circuit has held that such dismissals, despite being without prejudice, are final and appealable. *Amazon*, 273 F.3d at 1275. Not only are such claims "effectively excluded from federal court," *Jackson*, 462 F.3d at 1238, but, as the Tenth Circuit has recognized, such dismissals are necessarily final, "[o]therwise, a district court's order dismissing [associated] federal claims in such a situation

would be effectively unreviewable," *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1209 n.1 (10th Cir. 2000).

> D. **The Court Will Dismiss Plaintiffs' Claims Against the State Defendants on Statute of Limitations Grounds With Prejudice**.

"A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Rocha v. CCCF Admin.*, No. 10-1158, 2011 WL 167264, at *3 (10th Cir. Jan. 20, 2011) (quoting *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006)). Where, as here, plaintiffs fail to allege facts sufficient to support their claims, make no attempt to amend to cure the deficiency despite being on notice of said deficiency, and there is nothing in the facts to suggests that amendment could have cured the defect, dismissal with prejudice is appropriate. *Rocha* at *4. The Court dismissed Plaintiffs' claims against the State Defendants over a year ago, noting there were no allegations of wrongful conduct within the limitations period. Plaintiffs have made no attempt to amend their Complaint to allege more recent conduct by the State Defendants. The Court further finds nothing in the facts pled to suggest that more recent interaction between the State Defendants and Plaintiffs exists. As such, granting leave to amend would be futile, and the Court will therefore enter a separate judgment dismissing all claims against the State Defendants with prejudice.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that *Plaintiffs' Emergency Motion for Rule 54(b) Certification or, in the Alternative, for a Determination that All Claims Have Been Dismissed or Expressly Adjudicated and Points and Authorities in Support Thereof* (Doc. 110), filed February 15, 2011, is GRANTED in part. Filed concurrently herewith, the Court will issue its Final

Judgment pursuant Fed.R.Civ.P. 58, demonstrating that all claims herein have been dismissed and the case is appealable in its entirety.

```
                                        _____
                                        SENIOR UNITED STATES DISTRICT JUDGE
```

Counsel for Plaintiffs:

Steven J. Lauer, Esq.
Dan Cron, Esq.
Larry D. Maldegen, Esq.
Grey W. Handy, Esq.
Santa Fe, NM


Counsel for Defendant Beth Reich:

Edward Shepherd, Esq.
Albuquerque, NM

Counsel for State Defendants:
Timothy V. Flynn-O'Brien, Esq.
Albuquerque, NM